NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

# IN THE
# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

STATE OF ARIZONA, *Appellee,*

*v.*

BLAKE OWENS, *Appellant.*

No. 1 CA-CR 24-0530

FILED 07-17-2025

---

Appeal from the Superior Court in Navajo County
No. S0900CR201900130
The Honorable Melinda K. Hardy, Judge

**APPEAL DISMISSED**

---

COUNSEL

Navajo County Attorney's Office, Holbrook, AZ
By Myles A. Braccio
*Counsel for Appellee*

Blake Owens, Ada, OH
*Appellant*

_____

**MEMORANDUM DECISION**

Judge Angela K. Paton delivered the decision of the Court, in which Presiding Judge Brian Y. Furuya and Vice Chief Judge David D. Weinzweig joined.

_____

**P A T O N**, Judge:

**¶1**        Blake Owens appeals the superior court's denial of his petition to seal criminal case records.  Because we lack jurisdiction to consider his appeal, we dismiss it.

## FACTS AND PROCEDURAL HISTORY

**¶2**        In 2019, Owens entered a global plea agreement involving six criminal cases.  In 2020, the court imposed three years' probation and ordered him to pay restitution.  The court terminated Owens' probation halfway through his three-year term in July 2021.  Owens moved to set aside his convictions, which the court granted in October 2021.

**¶3**        In February 2024, Owens petitioned to seal certain criminal case records under Arizona Revised Statutes ("A.R.S.") Section 13-911 in case number CR 2018-00921.  The State, along with the Arizona Game and Fish Department and a hunting club, objected to Owens' petition to seal.

**¶4**        The superior court held a hearing on Owens' petition in July 2024.  A law enforcement officer testified that Owens was one of the most prolific poachers in Arizona's history.  Owens testified that he was attending law school and would like his records sealed when he applies for admission to practice to "show the bar" he has been "rehabilitated."

**¶5**        The superior court denied Owens' petition to seal, finding that the nature of Owens' offenses involved extensive fraud and deceptive behavior, and upholding hunting regulations promotes the public's safety and interests.  The court also noted that Owens' offenses in case number CR 2019-00130 were statutorily ineligible for sealing because they involved the discharge, use or threatening exhibition of a deadly weapon or dangerous instrument.  A.R.S. § 13-911(O)(4)(a).

**DISCUSSION**

**¶6** At the outset, we note the difference between being *eligible to petition* to seal, meaning a party has completed the Section 13-911(A), (E), (F), and (G) requirements making his petition eligible for the court's consideration ("eligibility to petition"), and the underlying substantive merits decision by the court regarding whether a petitioner is statutorily permitted to have his petition to seal granted under Section 13-911(O) ("offense eligibility"). This distinction matters because under Section 13-4033, "[a]n appeal may be taken by the defendant only from . . . [a]n order that denied the defendant's eligibility to petition the court to seal the defendant's case records pursuant to § 13-911 *if the sole basis for the appeal is the defendant's eligibility to petition the court*." A.R.S. § 13-4033(A)(5) (emphasis added); *see also* Ariz. R. Crim. P. 36.1(h).

**¶7** Here, Owens is appealing from the court's denial of his petition to seal on the merits, *i.e.*, offense eligibility to seal—specifically, its holding that his offenses were not statutorily eligible to be sealed because, among other things, they involved the discharge, use, or threatening exhibition of a deadly weapon. A.R.S. § 13-911(O)(4)(a). The superior court determined Owens was eligible to petition to seal when it found he met the Section 13-911 requirements—including that the required timeframes had passed, he had not been subsequently convicted of a felony or misdemeanor offense, and he had successfully completed all terms and conditions of sentencing, including payment of all monetary obligations and restitution. *See* A.R.S. § 13-911(E) (required timeframes); (F) (restrictions on subsequent offenses); (G) (monetary obligations and restitution); Ariz. R. Crim. P. 36.1(b).

**¶8** We therefore lack jurisdiction to consider Owens' appeal because he is not appealing from the court's denial of his eligibility to petition to seal but from the court's substantive ruling that his offenses were ineligible to seal. *Compare Ayala v. Minder*, 1 CA-SA 24-0083, 2024 WL 2831566, at *1, ¶ 9 (Ariz. App. June 4, 2024) (mem. decision) (exercising special action jurisdiction to review the court's substantive merits ruling denying petitioner's petition to seal), *with State v. Salerno*, 2 CA-CR 2024-0129, 2025 WL 300800, at *1-*2, ¶¶ 6, 8 (Ariz. App. Jan. 24, 2025) (mem. decision) (affirming the superior court's denial of appellant's petition to seal based on its finding he was ineligible to petition to seal because he had not paid all fines pursuant to Section 13-911(A)(1)). We decline to sua sponte exercise special action jurisdiction.

**CONCLUSION**

**¶9**         Because the superior court's denial of Owens' petition to seal was not made on the basis of his eligibility to petition the court, but rather because it determined the criminal offenses he sought to seal were statutorily ineligible under Section 13-911(O)(4)(a), we lack jurisdiction to consider his appeal under Section 13-4033(A)(5).  We therefore dismiss it.

